# MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW
220 EAST 42ND STREET, NEW YORK, NY 10017
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
www.mcblaw.com

**AISLING M. MCALLISTER**
**PARTNER**

DIRECT DIAL: (212) 916-0975
E-MAIL: mcalla@mcblaw.com

March 16, 2018

**Via ECF Filing**
Hon. Roslynn R. Mauskopf
United States District Court for the
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

    Re: **RAYMIS KIMBERLEY RUIZ and JOHN MESSING, JR. V. BAY SHORE-BRIGHTWATERS RESCUE AMBULANCE, INC., ET AL.**
        Civil Action No.:   18-cv-280 (RRM)(RER)

Dear Judge Mauskopf:

    We are counsel to Defendants Bay Shore–Brightwaters Rescue Ambulance, Inc. ("BSBRA"), Felix Rodriguez, Joseph Frisina, Charles Chapman, and Alex Mullin (collectively "Defendants"). On March 12, 2018, the Parties appeared for an Initial Conference before Magistrate Judge Reyes and discussed the legal and factual issues raised in Defendants' March 1, 2018 Pre-Motion Conference Request Letter as well as the Parties' proposed Case Management Plan. Magistrate Judge Reyes ordered that we submit this Supplemental Pre-Motion Conference Request Letter to Your Honor outlining the Defendants' proposed motions. We note that this letter incorporates some of Judge Reyes' suggestions.

    Therefore, after careful reexamination, and as per Your Honor's March 2, 2018 Order, and the instruction of Magistrate Judge Reyes, Defendants write to respectfully renew their request for a pre-motion conference for purposes of filing a pre-answer motion to strike pursuant to FRCP 8(a) and 12(f), and a motion to separate the Plaintiffs' claims into two lawsuits pursuant to FRCP 42(b). [1]

---

[1] As per Your Honor's March 2, 2018 Order, Defendants' time to answer is extended until twenty-one days after the Court's decision on these motions.

Honorable Roslynn Mauskopf
March 16, 2018
Page 2

## I. The Court Should Strike Plaintiffs' Scandalous, Sensational, Immaterial and Prejudicial Factual Allegations.

"The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). A motion to strike will be granted if it can be shown that "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *In Re Fannie Mae 2008 Securities Litigation*, 891 F. Supp. 2d. 458, 471 (S.D.N.Y. 2012).

Plaintiffs' Complaint includes allegations and photographs regarding a gingerbread house created in 2015 by a BSBRA member, who is not a Defendant, almost one year prior to the alleged sexual harassment of Ruiz. Compl. ¶ 7-13. This gingerbread house was not referenced in either of the Plaintiffs' Equal Employment Opportunity Commission ("EEOC") prerequisite charges. Additionally, Plaintiffs do not allege that they complained about this gingerbread house. In fact, Ruiz affirmatively states that she did not complain. Compl. ¶ 10. The gingerbread house references and photographs are not part of the factual allegations underlying either of the Plaintiffs' claims. The references, discussion and photographs are simply gratuitously inflammatory and prejudicial. They would never be admissible if this case went to trial as the prejudice to Defendants far outweighs their probative value. It was added only for "shock value" and publicity. *See* Exhibit A. Also, Plaintiff Ruiz's inclusion of the gingerbread house assertions as being sexually offensive to her is completely disingenuous and frivolous. There is a **substantial** amount of evidence that Ruiz herself regularly engaged in sexually charged and offensive conduct.[2] Accordingly, all references, allegations and photographs relating to the gingerbread house are purely inflammatory, disingenuous, immaterial and should be stricken from the Complaint pursuant to FRCP 8(a) and 12(f).

Moreover, Plaintiffs have included immaterial, impertinent and inadmissible allegations regarding April Kunz and Donna Fudge, neither of whom is a party to this action. Compl. ¶ 84-88, 157, 167-185. These allegations assert, *inter alia*, that Ms. Kunz and Ms. Fudge were harassed, intimidated, subjected to a hostile work environment and retaliated against for making a complaint regarding Ruiz's alleged harassment. Ms. Kunz and Ms. Fudge have not themselves asserted any of these allegations and are not parties to this action. Therefore, the allegations regarding Ms. Kunz and Ms. Fudge should also be stricken from the Complaint pursuant to FRCP 8(a) and 12(f).

---

[2] During her time as a member of the BSBRA, Plaintiff Ruiz sent dozens of vulgar and sexually explicit text messages to some of the individual defendants, including her alleged harasser, Mr. Mullin. These text messages include, *inter alia,* pictures of male and female genitalia, a female strip teasing, a naked elderly couple engaging in intercourse, as well as graphic statements regarding intercourse, ejaculation, the taste of ejaculate, fellatio, cunnilingus, intercourse while menstruating, and graphic details regarding feminine hygiene and genitalia. Additionally, Ruiz sent discriminatory and offensive text messages regarding minorities, Jews, and another female member of the BSBRA.

Honorable Roslynn Mauskopf
March 16, 2018
Page 3

## II.     The Court Should Order that the Plaintiffs' Legal Claims Must Proceed As Two Separate Lawsuits.

In the interest of judicial economy and to avoid prejudice to Defendants, Plaintiffs' actions should be separated pursuant to FRCP 42(b). In addition, Plaintiffs do not meet the requirements of FRCP 20(a).  FRCP 20(a) states that a party is properly joined in an action if they "(A) assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  In addition, FRCP 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

Ruiz alleges she was discriminated against based upon her gender, sexually harassed by Defendant Mullin and then retaliated against when friends of Ruiz complained about her alleged harassment.  Messing, on the other hand, claims he engaged in a protected activity when he made a statement at an annual dinner while severely intoxicated that Ruiz had allegedly suffered sexual harassment. Messing was brought up on charges by the BSBRA related to his inappropriate behavior at the installation dinner, including grabbing a female member.  After a hearing, Messing was terminated.  He now claims that his termination was in retaliation for his drunken statement that Ruiz had allegedly suffered sexual harassment.

Messing's and Ruiz's claims and requested relief do not arise from the same transaction, occurrence, or series of occurrences. The Plaintiffs' allegations also do not have common questions of law or fact.  To litigate and try these claims together will prejudice Defendants because*, inter alia,* it may appear – incorrectly – to a jury that there is some merit to the Plaintiffs' allegations because more than one individual is complaining about the Defendants' actions.  Therefore, in the interests of expedience and to avoid prejudice, Messing's and Ruiz's claims should be separated into two actions to be litigated independently pursuant to FRCP 20(a) and 42(b).

Thank you for your consideration.

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

_____/s/_____
Aisling M. McAllister

Attachments
cc:  Gregory Calliste, Jr., Esq. (via ECF)

# EXHIBIT A

NEWS NYDailyNews.com                                                                                         Wednesday, January 17, 2018  **15**



Disturbing words written on gingerbread house at a holiday party have stirred a harassment lawsuit against Bay Shore-Brightwaters Rescue Ambulance of Long Island (bottom photo).

# Gingerbread house of sex
## Harass suit hits medic service

**BY ANDREW KESHNER and LARRY McSHANE**
NEW YORK DAILY NEWS

IMAGINE AN X-rated version of Hansel and Gretel — with gummy bears gathered for a sugary orgy.

A tasteless gingerbread house, complete with the copulating candy and inappropriate innuendo, served as the centerpiece for a Long Island ambulance service's pervy holiday party, a federal lawsuit charged Tuesday.

The 2015 bash featured an assortment of offensive remarks scrawled on the crude confection — including "Sexual harassment in progress" written on the roof, the suit charged.

Plaintiffs Raymis Ruiz, 21, and John Messing, 41, exposed their colleague's creation, accusing the Bay Shore-Brightwaters Rescue Ambulance EMTs of sexual harassment, bullying and discrimination.

Ruiz and Messing were "extremely humiliated, degraded, victimized, embarrassed and emotionally distressed," charged the 34-page Brooklyn Federal Court lawsuit.

"Collective defendants' conduct has been malicious, willful, outrageous and conducted with full knowledge of the law."

According to the suit, Ruiz was sexually harassed by an assistant chief in October 2016, with the superior officer declaring he was "in love with" his disinterested subordinate.

And Messing says he was singled out for retribution after trying to support Ruiz when she made her allegations.

Defendant Alex Mullin told Ruiz that he "knew just how she liked to be stroked (and)...knew that she would enjoy it and would soon grow to like and want him the way he wants her," the suit charged.

After Ruiz repelled Mullin and complained to their bosses, another high-ranking ambulance service official denounced her as a "f---ing lying b---h," the lawsuit said.

Ruiz further charged that she was slandered during an election for the service's assistant chief position by allegations of "sleeping around" with co-workers to steer votes to her opponent.

Messing claimed he was suspended after backing Ruiz in her gripes about harassment, and eventually fired from the department.

Mullin declined comment on the creepy charges when reached by the Daily News, and there was no response from the president of the ambulance service.

**With Roshan Abraham**

abcNEWS   VIDEO   LIVE   SHOWS



## EMTs sue over 'sexually derogatory' gingerbread house at ambulance service party

By AARON KATERSKY · Jan 17, 2018, 3:01 PM ET



A raunchy gingerbread house is pictured in a 2015 photo submitted as part of a lawsuit alleging harassment, bullying and discrimination at a volunteer ambulance service on Long Island.





The 2015 holiday party at a volunteer ambulance service in suburban New York featured "a sexually derogatory" gingerbread house and simulated orgy by gummy bears, according to a federal lawsuit.

The words "sexual harassment in progress" were on the roof of the edible house, the suit alleges.





Two EMTs, Raymis Ruiz, 21, and John Messing, 41, called the gingerbread house and its sugary accoutrements "gross and offensive" and accused Bay Shore-Brightwaters Rescue Ambulance Inc. (BSBRA) of harassment, bullying and discrimination, according to the lawsuit.

SLIDESHOW: 'Sexually derogatory' gingerbread house

Some of Ruiz's colleagues spread false rumors in late 2016 about her "sleeping with" other members at the Long Island facility but her complaints to superiors were ignored, she also alleged in the suit filed Tuesday in U.S. District Court for the Eastern District of New York.

The suit alleges that Ruiz, who photographed the display, "did not complain out of fear of retaliation" and that the only reason the gingerbread house was removed was "because nonmember civilians, who were present in the BSBRA facility and saw the horrific display, expressed concerns about its presence."

The suit states that a colleague warned Ruiz not to cause trouble or escalate her harassment complaints: "Kim watch yourself. I know you're smarter than this."

It quoted one of her supervisors as saying "you just have to let it roll off your shoulder. You have to learn to develop thicker skin."

Messing said he was suspended and eventually fired for standing up for Ruiz, according to the lawsuit.

"Messing was continually told that he should have minded his own business and that the situation was not his concern," the suit says.

http://abcnews.go.com/US/emts-sue-sexually-derogatory-gingerbread-house-ambulance-service/story?id=52412138 EMTs sue over 'sexually der...
File Edit View Favorites Tools Help
abcNEWS VIDEO LIVE SHOWS

Messing and Ruiz have "suffered loss of income, special damages, loss of benefits, inconvenience and other compensation," the suit states, and are seeking a jury trial in pursuit of "compensatory damages for mental, emotional and physical injury," among other things.

Bay Shore-Brightwaters Rescue Ambulance told ABC New its attorneys were drafting a response to the lawsuit.

Police & Fire

## EMTs Sue Bay Shore-Brightwaters Ambulance For Sexual Harassment

The two EMTs reported the harassment after a sexually explicit gingerbread house was displayed at a holiday party in 2015.

By Priscila Korb, Patch Staff | Jan 17, 2018 5:35 pm ET | Updated Jan 17, 2018 8:58 pm ET

Like 194  Share







BAY SHORE, NY - Two EMTs for the Bay Shore-Brightwaters Rescue Ambulance recently filed a lawsuit against the organization for discrimination and sexual harassment after a "sexually derogatory and explicit" gingerbread house was presented at a 2015 holiday party, according to court documents.

The lawsuit was filed with the Eastern District of New York court by EMTs Raymis Ruiz, 21, and John Messing, 41.

According to the 2015 lawsuit, the gingerbread house had gummy bears placed in "sexual positions," the words "Ho, Ho, Ho" directed toward them, hand-drawn pictures of a hand giving the middle finger and other profanities. It was made by a member and placed in a common area.



Ruiz saw the display and took photos but did not file a complaint for fear of retaliation.

The display was taken down after several civilians saw it and expressed concerns. However, no action was taken against the person who made the display.

In addition, Ruiz claims she was subjected to sexual harassment, sexual rumors, bullying unwanted sexual comments, remarks and behavior by another member, according to the lawsuit.

Messing, who was Ruiz's captain, attempted to help her to complain about the harassment to superiors but was told to "mind his business," the court documents allege.

According to the lawsuit, Messing was fired for reporting sexual harassment and for supporting Ruiz.

The Bay Shore-Brightwaters Rescue Ambulance have not yet released a comment on the lawsuit.





