## MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
WWW.MCBLAW.COM

NEW YORK, NY

EAST MEADOW, NY

WHITE PLAINS, NY

GREGORY B. REILLY                                                   ROSELAND, NJ
PARTNER                                                             ROCHESTER, NY

STAMFORD, CT

DIRECT DIAL: (212) 916-0920
E-MAIL: gregory.reilly@mcblaw.com

August 10, 2018

**Via ECF Filing**
Magistrate Judge Ramon E. Reyes, Jr.
United States District Court for the
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

<u>**SUPPLEMENTAL LETTER MOTION TO COMPEL DISCOVERY OF PLAINTIFFS'
SOCIAL MEDIA ACCOUNT INFORMATION**</u>

Re:   <u>**RAYMIS KIMBERLEY RUIZ and JOHN MESSING, JR. V. BAY SHORE-
BRIGHTWATERS RESCUE AMBULANCE, INC., ET AL.**</u>
Civil Action No.:      18-cv-280 (RRM)(RER)

Dear Magistrate Judge Reyes:

We are counsel to Defendants Bay Shore–Brightwaters Rescue Ambulance, Inc., *et al.*, in the above referenced matter.  We write this letter in response to the Court's docket Order, filed via ECF on July 16, 2018. The Court's order stated that Defendants provided an insufficient basis for access to Plaintiffs' social media account information and, therefore, denied this portion of Defendants' motion to compel.

For the supplemental reasons set forth below, we respectfully request an order compelling Plaintiffs' production of social media account information necessary for the Defendants to serve a subpoena on Plaintiffs' social media platforms, as this information is relevant for the Defendants' defenses in this litigation.

Honorable Judge Ramon E. Reyes, Jr.
August 10, 2018
Page 2

> **A.**   **Plaintiffs' Social Media Profiles Contain Discoverable Information that Plaintiff is Withholding**

Pursuant to Rule 26(b)(1), the parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Federal district courts in the Second Circuit have compelled production of all social media content, where the court believed the party was, without basis, withholding relevant information. *Bass v. Miss Porter's Sch.*, U.S. Dist. LEXIS 99916 (D. Conn. Oct. 27, 2009). In *Bass*, the defendant sought documents related to alleged teasing and taunting on Facebook. The court determined that plaintiff was withholding relevant information and ordered the complete production of all plaintiffs' Facebook content. The court reasoned that "relevance of the content of plaintiff's Facebook usage as to both liability and damages in this case is more in the eye of the beholder than subject to strict legal demarcations, and production should not be limited to plaintiff's own determination of what maybe "reasonably calculated to lead to the discovery of admissible evidence". *Id.* at *3.

In this case, there is evidence that Plaintiffs are likely withholding information relevant to this litigation, as they have failed to produce documents responsive to Defendants' discovery demands. For instance, Defendants' First Requests For Production of Documents requested:

- Any and all documents, data, communications between Plaintiff Ruiz and any Defendant from September 2014 to the present.

- All social media accounts and ESI in Plaintiffs' possession, custody or control from any and all social networking sites used or visited by Plaintiffs at any time since September 2014, including, but not limited to, <u>Facebook, Twitter, Linkedin, MySpace, Pinterest, Imgur, Snapchat, YouTube, Foursquare, Tumblr, Reddit, Vine, Instagram, 4chan,</u> or any other electronic or social networking sties that support rebut or in any way relate to Plaintiffs' claims or allegations, including, but not limited to, Plaintiffs' alleged emotional distress, psychological harm, stress or related medical conditions due to Plaintiffs' alleged discrimination, retaliation, monetary and non-monetary damages…

Defendants' First Set Of Requests For Production of Documents, Request Nos. 4 and Request No. 34.

Plaintiffs testified at their depositions that they were active on social media, including Facebook and Snap Chat. Moreover, Defendants are in possession of text messages between

Honorable Judge Ramon E. Reyes, Jr.
August 10, 2018
Page 3

Plaintiff Ruiz and Defendant Mullin, whereby Plaintiff Ruiz admits to communicating with Defendant Mullin and other BSBRA members frequently, via SnapChat and Facebook.

Despite this evidence, Plaintiffs have yet to produce responsive documents to Defendants' request for production described above. Therefore, we seek Plaintiffs' social media account information to serve a subpoena on all Plaintiffs' Facebook, SnapChat and Instagram accounts to obtain discoverable and relevant information. As in the case of *Bass*, Defendants seek unrestricted access to Plaintiffs' social media content, as Defendants believe they have withheld responsive documents.

**B.  Plaintiff Ruiz's Social Media Account Content is Relevant and Necessary for the Defendants' Defenses in this Litigation**

Federal District Courts in New York have found that social media information may be the source of relevant information that is discoverable. *Reid v. Ingerman Smith LLP*, 2012 U.S. Dist. LEXIS 182439 *2 (E.D.N.Y. Dec. 27, 2012). In *Reid*, Plaintiff alleged that Defendants engaged in sexual harassment and sought emotional distress damages, resulting from the alleged harassment. The plaintiff in *Reid* posted photographs of herself engaging in social activities on her public profile on Facebook. The court determined that "photographs and comments that plaintiff posted on her publically available Facebook pages provided probative evidence of her mental and emotional state, as well as revealed the extent of activities in which she engages." *Id.*, at *3. The court further held that the plaintiff's private postings of her social activities may contain relevant information that may similarly be reflective of her emotional state. *Id.* Accordingly, the Court in *Reid* ordered the production of Facebook materials, relevant to the action.

Here, the Complaint alleges that Defendant Alex Mullin sexually harassed Plaintiff Ruiz and that she endured a hostile work environment at BSBRA and suffered (and continues to suffer) from emotional distress. Complaint, ¶14; 15; 105; 186. Posts, photographs or comments on Plaintiff's social media accounts could be probative of her emotional state and condition.

Furthermore, Defendants viewed Plaintiff Ruiz's public Facebook profile and discovered that Plaintiff's activity contradict her claims of emotional distress. For instance, in one photograph she is at BSBRA headquarters eating amongst members apparently in a jovial state, around the same time she claimed she feared for her safety and was intimidated by BSBRA. In other photographs she is at restaurants and in social settings. Similar to *Reid*, such activity on Plaintiff Ruiz's public Facebook profile may likewise contain relevant information that may similarly be reflective of her emotional state. *Id* at * 3.

Moreover, the text messages between Plaintiff Ruiz and Defendant Mullin contradict her claim that she was offended by the alleged sexually charged environment at BSBRA because Plaintiff herself sent sexually explicit photographs and internet memes and spread sexual rumors about BSBRA members. It is likely that Plaintiff's private social media accounts contain relevant

Honorable Judge Ramon E. Reyes, Jr.
August 10, 2018
Page 4

information that undermines Plaintiff's claims of alleged hostile work environment and mental anguish resulting from the alleged sexual harassment by Defendant Mullin.

**C. Plaintiff Messing's Social Media Account Information is Relevant and Necessary for the Defendants' Defenses in this Litigation**

For the same reasons, Defendants are entitled to access Plaintiff Messing's social media accounts. At Plaintiff Messing's deposition he also testified to suffering from stress and emotional distress as a result of alleged retaliation by BSBRA and this lawsuit. Further, he testified to having active social media accounts.

## CONCLUSION

For these reasons, we respectfully request that the Court issue an order requiring Plaintiffs to produce responses to the requests for information attached as Exhibit A, which will allow Defendants to subpoena Plaintiffs social media platforms and, any other relief the Court deems necessary.

Thank you for your consideration.

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

_____/s/_____
Gregory B. Reilly

cc: Gregory Calliste, Jr., Esq. (via ECF)