UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

RAYMIS KIMBERLY RUIZ and JOHN
MESSING, JR.,

                  Plaintiffs,

         -against-

BAY SHORE-BRIGHTWATERS RESCUE
AMBULANCE, INC., FELIX RODRIGUEZ, and
JOSEPH A. FRISINA, et al.,

               Defendants.

------------------------------------x

**<u>MEMORANDUM & ORDER</u>**
18-CV-280(EK)(RER)

ERIC KOMITEE, United States District Judge:

      In an order dated March 31, 2021, District Judge
Roslynn Mauskopf granted in part and denied in part Defendants'
motion for summary judgment.[1]  Familiarity with that order is
assumed.  Plaintiff John Messing now moves for reconsideration
of the part of that order granting summary judgment to
defendants on his Title VII and state-law retaliation claims.

      Motions for reconsideration are generally disfavored,
but can be appropriate in cases of clear error or to prevent
manifest injustice.  *See, e.g.*, *United States v. Barclays
Capital, Inc.*, No. 16-CV-7057, 2017 WL 5054716, at *1 (E.D.N.Y.
Nov. 2, 2017).  Judge Mauskopf concluded that summary judgment

---

[1] The case was reassigned to me on July 15, 2021.

was appropriate because Messing failed to adduce sufficient evidence that he had a good faith, objectively reasonable belief that Ruiz had been subjected to a hostile work environment.  I decline to disturb that conclusion.

Messing put forward evidence that he was aware of the following conduct directed at Ruiz: a conversation between Ruiz and Defendant Alex Mullin on October 18, 2016 (what the parties refer to as the "flagpole incident") and text messages between them.  At the flagpole incident, Ruiz sought to confront Mullin about rumors she believed he was spreading, including about Ruiz exchanging sex for votes in an upcoming internal leadership election.  Mullin shifted the conversation, however, to his feelings for Ruiz and his desire to enter a relationship with her.  Pls.' Counterstatement to Defs.' Rule 56.1 Statement of Undisputed Material Facts ¶¶ 68-69, ECF No. 42-1; Ruiz Deposition 66:23-67:10, 68:2-14, ECF No. 41-3.

Messing testified to what *he knew* and understood about this incident: that Ruiz had told him that Mullin "had sexually harassed her," Pls.' Response to Defs.' Rule 56.1 Statement of Undisputed Material Facts ¶ 102, ECF No. 42-1, and that Mullin touched her and "it made her feel uncomfortable."  Messing Deposition 85:9-19, ECF No. 41-8.  When asked if Ruiz went into any detail about Mullin's having touched her, Messing replied "no" and did not inquire further.  *Id*. at 85:18-24.  Messing did

2

not testify that he knew what specifically made Ruiz feel uncomfortable at the flagpole incident.  *See* Pls.' Response to Defs.' 56.1 Statement ¶ 104-105.

Messing also testified that Ruiz told him Mullin had sent her text messages of an "explicit and sexual" nature that were "unwelcome, and that she felt uncomfortable."  Messing Dep. 83:10-20, 84:17-85:5.  He said he "had noticed for a little while that she wasn't herself, and she looked like something was bothering her."  *Id*. at 92:3-5.

Taken together, and drawing every reasonable inference in Messing's favor, these allegations do not rise to the level of a hostile work environment, which requires a showing that the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).  I will not reanalyze all the evidence, but suffice it to say that the details of the flagpole incident that Messing was privy to were not, on this record, so extraordinarily severe or pervasive such that the incident could amount to a hostile work environment.  *See Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000) ("Usually, a single isolated instance of harassment will not suffice to establish a hostile work environment unless it was 'extraordinarily severe.'").

And the text messages do not — at least as far as Messing knows — satisfy the standard either, even in combination with the flagpole incident.  Messing admitted that he did not know the content of the messages.  Messing Dep. 83:14-84:24, 85:25-86:7.  There is no evidence in the record to suggest that Messing had any knowledge of the frequency or volume of the messages.  All the Court has is the generic statement that Messing was aware that Ruiz received "unwelcome" messages that that were "explicit and sexual in nature."  *Id*. at 84:17-20, 85:4-5.

Without more, no jury could conclude that Messing had a good faith, objectively reasonable belief that a violation of Title VII had occurred.  Therefore, he cannot show that he was engaged in a protected activity for which his employer retaliated against him.

Plaintiff's motion is denied.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    March 30, 2022
          Brooklyn, New York

4